IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFNEY PHILISTIN,
Inmate No. L42864,
    Plaintiff,

vs.                                      Case No.: 5:18cv166/MCR/EMT

B. CANTRELL, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's "Motion to Request For a Court Order Medical and Mental Health" (ECF No. 15). Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), commenced this action by filing a civil rights complaint (ECF No. 1). Plaintiff's allegations concern an alleged use of excessive force in January of 2018, when he was housed at Gulf Correctional Institution ("GCI") (*id*.). He has since been transferred to Hamilton Correctional Institution ("HCI") (*see id.* at 7; ECF No. 15 at 1).

In the instant motion, Plaintiff indicates that he has received psychiatric care and treatment since 2007 within the FDOC (ECF No. 15 at 1). He appears to state that he is not receiving proper care at HCI and asks that this court call HCI to confirm that he is receiving proper mental health care at HCI or otherwise order HCI officials to

provide proper mental health care, to include counseling and appropriate medications (*see id.* at 2).

Plaintiff's motion appears to be in the nature of a motion for preliminary injunction. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary

Case No.: 5:16cv166/MCR/EMT

injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." <u>CBS Broad., Inc.</u>, 265 F.3d at 1200 (citation omitted).

Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable harm while the merits of the lawsuit are under review, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. <u>Devose</u>, 42 F.3d at 471; <u>All Care Nursing Serv. v. Bethesda Mem'l Hosp.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989); <u>United States v. State of Ala.</u>, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986); <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

Here, the relief sought in the motion is unrelated to the conduct complained of in the underlying complaint.  Additionally, none of the persons at HCI, from whom Plaintiff now seeks mental health care, are parties to the underlying action, which

concerns events that occurred nearly a year ago at GCI.  Therefore, Plaintiff is not entitled to the relief he seeks as part of this civil rights action.[1]

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion to Request For a Court Order Medical and Mental Health" be **DENIED**.

At Pensacola, Florida, this 10th day of December 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] If the mental health services provided to Plaintiff at HCI are constitutionally inadequate, Plaintiff must initiate a new civil rights action in the Middle District of Florida, the district wherein Hamilton County lies.